### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTATE OF ODELIA THERMOND, By ) | |
| Pam Goedde, her Personal Representative, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-1041-GPM |
| ) | |
| GALLANT TRANSPORT, INC., PENSKE ) | |
| TRUCK LEASING CORPORATION, and ) | |
| KEVIN D. MOHR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This case was recently assigned to the undersigned district judge.  A review of the amended

complaint (Doc. 5) raises some jurisdictional concerns which must be immediately addressed.  The

Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not

an issue to be taken lightly.  *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*,

350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of

federal jurisdiction has caused a waste of time and money").

In this case, Plaintiff seeks wrongful death damages on behalf of her mother, a decedent,

arising out of a vehicle/tractor-trailer collision which occurred in Lawrence County, Illinois.

Plaintiff seeks to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to

28 U.S.C. § 1332.  In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the

parties must be of diverse citizenship and the amount in controversy must exceed the sum or value

of $75,000, exclusive of interest and costs.[1]

"[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2).  Thus, only the citizenship of Odelia Thermond, the deceased, matters for purposes of determining jurisdiction.  Unfortunately, however, the complaint only alleges the *residency* of Pam Goedde, the Personal Representative.  Because federal courts have jurisdiction over citizens of different states, a complaint must allege the *citizenship* of each party, not the residence.  *Held v. Held*, 137 F.3d 998 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994).  The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction.  *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000).  Plaintiff must allege the *citizenship* of the *decedent*, Odelia Thermond.

Finally, the Court also notes that the complaint merely alleges "[u]pon information and belief, Defendant, Kevin D. Mohr ("Mohr"), is a resident of Michigan with a home address of 79 Vevay Drive South, Mason, Michigan 48854." (*See* Doc. 5, para. 12).  Again, the Court must know the *citizenship* of Mohr, *i.e.* his domicile; where he *resides* is immaterial to the issue of federal subject matter jurisdiction.  Moreover, an allegation based upon "information and belief" is insufficient to invoke this Court's jurisdiction.  *See America's Best Inns, Inc v. Best Inns of Abilene, L.P..*, 980 F.2d 1072, 1074 (7th Cir. 1992).

---

[1]Plaintiff prays for unspecified damages "in an amount that will fairly and adequately compensate them for their losses and damages" (*See* Doc. 5, p. 5-8) In light of the fact that the case involves an alleged wrongful death, the Court accepts this prayer, because it does not appear to a legal certainty that the claims are really for less than the jurisdictional minimum ($75,000, exclusive of interest and costs). *See Smith v. American General Life and Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall, on or before **August 1, 2007**, file a second amended complaint that properly invokes the Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 07/10/07

s/ *G. Patrick Murphy*

G. Patrick Murphy
Chief United States District Judge